[J-119A-2016 and J-119B-2016] [MO: Wecht, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| IN RE:  ADOPTION OF: L.B.M., A MINOR | : | No. 84 MAP 2016 |
| | : | |
| | : | Appeal from the Order of the Superior |
| APPEAL OF: J.P., MOTHER | : | Court at 1834 MDA 2015 dated May 31, |
| | : | 2016 Affirming the Order of the Court of |
| | : | Common Pleas of Franklin County, |
| | : | Orphans' Court Division, at 42-ADOPT- |
| | : | 2014 dated September 25, 2015. |
| | : | |
| | : | ARGUED:  December 6, 2016 |
| | : | |
| IN RE: ADOPTION OF: A.D.M., A MINOR | : | No. 85 MAP 2016 |
| | : | |
| | : | Appeal from the Order of the Superior |
| APPEAL OF: J.P., MOTHER | : | Court at 1835 MDA 2015 dated May 31, |
| | : | 2016 Affirming the order of the Court of |
| | : | Common Pleas of Franklin County, |
| | : | Orphans' Court Division, at 41-ADOPT- |
| | : | 2014 dated September 25, 2015. |
| | : | |
| | : | ARGUED:  December 6, 2016 |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                    **DECIDED:  March 28, 2017**

I agree with the majority's conclusion that pursuant to 23 Pa.C.S. § 2313(a), appointment of counsel is mandatory for children involved in contested involuntary termination of parental rights proceedings.  However, because I believe an attorney guardian *ad litem* (GAL) appointed to represent a child in these proceedings satisfies Section 2313(a)'s mandate, I dissent.

As the majority states, this case presents an issue of statutory interpretation and is governed by the relevant legal standards set forth in the majority's opinion.  Majority

Op., at 10-11. Further, it is undisputed that the mandatory language of the first sentence of Section 2313(a) requires appointment of counsel in contested involuntary termination proceedings.

## § 2313. Representation

**(a) Child.--The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents.** The court may appoint counsel or a guardian ad litem to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa. C.S. § 2313(a) (emphasis added).

In my view, the first and second sentences of Section 2313(a) address two entirely different situations. As the text of the statute states, the second sentence of Section 2313(a) provides that the court may appoint counsel or a GAL in "any other proceeding" under "this part," this part meaning, the Adoption Act, 23 Pa.C.S. §§ 2101-2938. The Adoption Act encompasses voluntary relinquishment proceedings, involuntary termination proceedings - contested and uncontested, as well as adoption proceedings. Thus, Section 2313(a) governs representation under all Adoption Act proceedings, and the second sentence of Section 2313(a) has no effect on the meaning of the first sentence, stating counsel shall be appointed to represent a child in a contested involuntary termination proceeding.

The majority notes that the "trial court chose simply to skip over the first sentence of Section 2313(a) (which mandates counsel in contested [termination of parental rights] cases) in favor of that provision's second sentence which 'gives this Court the discretion to appoint counsel or a GAL to represent any child who has not reached 18 years and is subject to *any other proceeding* under this part whenever it is in the best interests of the

child.'" Majority Op., at 6, *quoting* Trial Court Order, 9/9/15. Conflating the two sentences, the trial court relied on the second sentence of Section 2313(a) in support of its appointment of the GAL attorney. Nevertheless, as the trial court noted in denying Mother's motion for appointment of new counsel, the children had an established relationship with the GAL attorney, and her continued representation would best suit the needs of the children. Id. In light of the statutory interpretation discussion above, I fail to see how this contested involuntary termination proceeding is "any other proceeding," or how the GAL attorney appointed to represent the children is not "mandated counsel" in accordance with the first sentence. Thus, the trial court's continued appointment of the GAL attorney from the dependency case satisfied Section 2313(a)'s mandate.

I believe that the majority is mistakenly reading the first and second sentences in conjunction with each other, which has the effect of changing the meaning of the first sentence. The General Assembly chose in the second sentence to say "counsel or a [GAL]," noting in the comment that the GAL need not be an attorney. Thus, in all "other proceedings" under the Adoption Act, the General Assembly contemplated the possibility that a child might not be represented by counsel at all. Contrary to the majority's suggestion, the inclusion of an option to solely appoint a non-attorney GAL in other proceedings does not necessarily render the appointment of a GAL attorney a violation of the Section 2313(a)'s appointment of counsel clause. Our review in this case is limited to whether appointment of a GAL attorney satisfies Section 2313(a)'s mandate that counsel be appointed in contested involuntary termination of parental rights proceedings. I conclude it does.

I also am troubled by the majority's conclusion that "[t]he plain language of Section 2313(a) requires the trial court to appoint a separate, independent attorney to represent a child's **legal interests** in a [termination of parental rights] case." Majority

Op. at 1 (emphasis added). The majority adopts the position that Section 2313(a) specified that appointed counsel would solely be representing the child's legal interests, and not best interests, without citation to where the term "legal" was added to Section 2313(a). I do not disagree with the majority's citation to Pennsylvania Rules of Juvenile Court regarding the role of a GAL attorney in dependency hearings, or the distinct legal and best interests which they must represent. *See* Majority Op. at 2, *citing* Pa.R.J.C.P. 1154. However, even in the dependency context, Rule 1154 specifically anticipates the potential for a conflict between a child's wishes - the child's legal interest, and a child's best interests, and that in such a case separate legal counsel in addition to the GAL attorney may be appointed. Pa.R.J.C.P. 1154 cmt.[1] This does not necessitate that a GAL attorney can only advocate a child's best interest, or that the General Assembly intended to preclude a GAL attorney from representing a child under Section 2313. Nor does it mandate two attorneys must be appointed in the absence of a conflict of interest on the part of the GAL attorney. The statute as drafted solely provides that "the court shall appoint counsel." 23 Pa.C.S. 2313(a). The appointment of a GAL attorney certainly satisfies this requirement.

Further, as the majority concedes, Section 2313(a) is the only requirement the General Assembly imposed, and "no other statutory provision speaks to the appointment of counsel or a GAL in an involuntary termination of parental rights proceeding." Majority Op. at 3. The majority correctly notes that in custody cases when counsel is appointed, counsel "shall represent the child's legal interests and zealously represent the child as any other client in an attorney-client relationship[, and] . . . shall not perform the role of guardian *ad litem* or best interests attorney." Pa.R.C.P.

---

[1] The comment to Rule 1154 notes "[i]f there is not a conflict of interest, the guardian *ad litem* represents the legal and best interests of the child[.]" Pa.R.J.C.P. 1154 cmt.

1915.11(a). And that on the contrary, in dependency cases, a GAL attorney "shall be charged with representation of the legal interests and the best interests of the child at every stage of the proceedings." 42 Pa.C.S. § 6311(b). The first sentence of Section 2313(a) does not differentiate between representing the child's best interests or legal interests in mandating the appointment of counsel in contested termination of parental rights cases.[2] It is not the duty or role of this Court to inject such differentiation into Section 2313(a) that is not derived from the statutory language.

In support of its position that a Section 2313(a) attorney should only represent the child's legal interests, the majority quotes *In re Adoption of Hess*, 562 A.2d 1375 (Pa. Super. 1989) for the proposition that "[t]he purpose of 2313(a) is to ensure that the needs and welfare of a child will be actively advanced by an advocate who owes loyalty *only* to the child." Majority Op. at 11, n. 11, *quoting id.* at 1381 (emphasis in original). The next sentence of *Hess*, however, makes clear that although the court's intent was to appoint counsel that owed a loyalty to the child, it did not intend to limit counsel to advocate solely for the child's legal interests. Indeed, the court was very much concerned with the child's best interests and stated,

> Where, as in the present case, there are competing allegations of the best interests of the child, and where the court, without conducting a hearing by which it could receive evidence so that it could make a fully informed determination of the *BEST* interests of the child, summarily dispenses with one of the competing allegations of the child's best interests, and where no counsel has been appointed to represent *exclusively* the child's interests, we cannot conclude that the *BEST* interests of the child have necessarily been advocated and determined.

*Hess*, 562 at 1381(emphasis in original).

---

[2] I maintain the second sentence does not pertain to contested involuntary termination of parental rights proceedings.

The majority also disapproves of the Superior Court's reliance on *In re K.M.*, 53 A.3d 781 (Pa. Super. 2012), overruling the pertinent holding in that case. Therein, the Superior Court concluded the language of Section 2313(a) was not clear and unambiguous as applied to circumstances where the GAL was an appointed attorney. Majority Op., at 8. Like the majority in this case, the *K.M.* court also focused on the meaning of the second sentence of the statute in relation to the first sentence, but nevertheless concluded that the statute did not preclude a GAL attorney from serving as legal counsel for the children. Upon reflection, I believe *K.M.*'s focus on the second sentence was unnecessary. Ultimately, however, the outcome of *K.M.* was correct as the appointment of a second attorney when the child was represented by a GAL attorney would be superfluous.

Based on my conclusions regarding the statutory interpretation of Section 2313, it is unnecessary to further elaborate on the ability of a GAL attorney to represent a child in a contested termination of parental rights matter. Nevertheless, there are two points I wish to make. First, as noted, the appointment of additional counsel following the appointment of a GAL attorney is superfluous. In this matter the GAL attorney represented the children's interests throughout dependency proceedings. Under the majority's interpretation, in addition to the GAL attorney, it would have been necessary to appoint an attorney for the first termination hearing when CYS petitioned to involuntarily terminate the parental rights of both Mother and Father.[3] At that hearing, Father's rights were involuntarily terminated, but Mother's rights were not. Once the petition to involuntarily terminate Mother's rights was denied, the Section 2313(a) appointed legal counsel would no longer be involved in the matter, and the GAL

_____

[3] As noted by the majority, at this hearing the GAL attorney represented the children and neither party objected.

attorney would resume her sole advocacy on behalf of the children during the permanency proceedings. At the commencement of the second termination hearing, it would again be necessary to appoint Section 2313 legal counsel, possibly the same attorney that represented the children at the first termination hearing, perhaps a new attorney. This legal counsel would represent the children alongside the GAL attorney throughout the termination hearing. It is my view such dual representation is both unnecessary and taxing to the system, and undermines continuity of representation for the children.

Second, the only concern articulated by the majority regarding the appointment of a GAL attorney appears to be a conflict of interest between advocating the child's best interests and legal interests simultaneously. Majority Op. at 10. As previously noted, the GAL attorney must do this in the dependency actions, and Rule 1154 provides a procedure for appointing separate legal counsel from the GAL attorney if a conflict of interest between the child's wishes and best interests arise. I see no basis for concluding that a GAL attorney would be incapable of being held to the same standard in contested involuntary termination of parental rights cases. Further, in cases involving young children or children with limited capacity, the child may be unable to express a separate legal interest to an independent attorney appointed in addition to the GAL attorney, but would nevertheless be required to have one appointed under the majority's interpretation. Therefore, I disagree with the majority's holding that the GAL attorney cannot represent the child in a contested termination hearing.

In conclusion, by writing separately I am in no way discounting the importance of the child's interests or diminishing the mandate of Section 2313(a)'s requirement of appointment of counsel. A contested involuntary termination hearing is a proceeding with the highest level of finality, and no child should proceed into one absent

representation by an attorney.  I write separately because I believe appointment of a GAL attorney satisfies the mandates of Section 2313(a) and ensures the needs and welfare of the child will be adequately advanced.  In my opinion, a remand for the appointment of a second attorney in this matter, when a GAL attorney already represented the children in accordance with Section 2313(a), is unnecessary.  Accordingly, I dissent.

Justice Baer joins this dissenting opinion.